Bernard R. Mazaheri
Mazaheri & Mazaheri
325 Shelby Street
Frankfort, Kentucky 40601
Email - bernie@thelaborfirm.com
Tel - 602-529-4935

Attorney for Plaintiff Buckley

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Catherine A. Buckley, | No. |
| Plaintiff, | |
| v. | |
| CNO Financial Group, Inc. d/b/a Bankers Life and Casualty | COMPLAINT |
| Defendant. | |

Dated this 22nd day of March, 2019

/s/ Bernard R. Mazaheri
Bernard R. Mazaheri
Attorney for Plaintiff Buckley

1. The Plaintiff, Catherine A. Buckley, sues the Defendant, CNO Financial Group, Inc. doing business as Bankers Life and Casualty Company, for sexual harassment in violation of Title VII.

2. Plaintiff, a female, worked for Defendant from on or about December 2015 through on or about February 2018 in Tucson, Arizona.

3. Plaintiff received her W2 from Bankers Life and Casualty.

4. Defendant is a Delaware Company.

5. Defendant trades on the New York Stock Exchange under the ticker CNO.

6. Defendant conducts business under Bankers Life, Colonial Penn and Washington Mutual.

7. Defendant has a market capitalization of $2.9 billion.

8. Defendant is headquartered in Carmel, Indiana.

9. Defendant employs approximately 3,200 employees.

10. Defendants conducts business in Pima County, Arizona, among other places.

11. The Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and Title VII.

12. Venue is appropriate in Tucson, because Plaintiff worked for Defendant in the city.

13. Defendant employs over 15 employees. See http://www.cnoinc.com/about-cno/at-a-glance/.

14. Defendant is engaged in interstate commerce.

15. Plaintiff filed a charge of discrimination with the Arizona Attorney General's Office and the Equal Employment Opportunity Commission.

16. The above charge of discrimination was filed within 180 days of when Plaintiff was last subjected to sexual harassment.

17. Plaintiff received a right to sue letter.

18. This complaint is being filed within 90 days of Plaintiff's receipt of a right to sue letter.

19. In the Tucson office Defendant employed a manager.

20. The manager, a male, in the Tucson office had the authority to hire, fire and discipline Plaintiff.

21. From on or about January 2017 through on or about February 2018 Plaintiff was harassed by her manager.

22. Defendant's manager regularly made sexual and sexist comments.

23. The derogatory and perverse language by the manager was openly made on practically every day he worked up until the time of Plaintiff's termination.

24. Defendant's manager directed prurient comments directly at Plaintiff.

25. Plaintiff was subjected to comments by her manager that reflected poorly on her.

26. For instance, the manager explicitly stated "We know you're spending time under [a male's] desk" to Plaintiff.

27. The comment suggested that Plaintiff was performing sexual favors for another employee of Defendant.

28. Defendant's manager, also, told Plaintiff that she looked rough, that she looked like she had sex, that she was not worthy of sex.

29. Defendant's manager did not hide his sexual appetite.

30. The manager would look at women, lick his lips and blurt out "I want some of that."

31. The same manager would, also, say that "I need stripper dust all over me."

32. Daily prurient acts and comments by Plaintiff's manager offended her and changed the terms and conditions of her employment.

33. Plaintiff was offended by Defendant's sexually charged and rude comments directed at her specifically and women generally.

34. Plaintiff was not the only women that was upset at this manager.

35. Other women were also adversely impacted by Defendant's manager.

36. The employees for Defendant believed that the manager was brazen about his sexual appetite and disregard of women due to being a high producer for Defendant.

37. Defendant takes great pride about being a publicly traded company without thousands of workers and billions of dollars in market share.

38. This manager brought in significant accounts and fees, so Defendant permitted him to act in violation of its own employee handbook regarding harassment and equal employment.

39. The terms and conditions of Plaintiff's employment were changed as a result of the sexual harassment.

40. Plaintiff lost sleep because of the harassment she suffered.

41. Plaintiff was in physical pain as a result of Defendant's actions.

42. Plaintiff continued to work for Defendant for more than a year because she had limited economic opportunities.

43. Plaintiff felt ashamed, hurt and without power.

44. Defendant permitted Plaintiff's manager to openly speak about sex and degrade women.

45. Defendant has a pattern and practice of permitting sexual harassment to occur.

46. Defendant permitted at least one of its managers to engage in prurient conduct at their place of employment with subservient employees.

47. Defendant has acted in reckless disregard of Title VII.

Wherefore, Plaintiff demands trial by jury, compensatory damages for pain and suffering, punitive damages, attorneys' fees and costs.

Respectfully submitted this 22nd day of March 2019,

>   **/s/ Bernard R. Mazaheri**
>   Bernard R. Mazaheri
>   Mazaheri & Mazaheri
>   325 Shelby Street
>   Frankfort, Kentucky 40601
>   Email - bernie@thelaborfirm.com
>   Tel - 602-529-4935
>   Attorney for Plaintiff Buckley